UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                           Bankruptcy No. 12-30067
                                                                                                 Chapter 7
Cole Porter and Chenoa Porter,

                  Debtors.
_____/

**MEMORANDUM AND ORDER**

Bankruptcy Trustee Gene W. Doeling filed an Objection to Claim of Exemptions. Debtors Cole Porter and Chenoa Porter filed a response. The Court heard the matter on May 8, 2012.

Debtors petitioned for relief under Chapter 7 of the Bankruptcy Code on January 30, 2012. On Schedule C, Debtors claimed $12,000.00 in equity in a mobile home as exempt under N.D.C.C. § 28-22-02(10). They also claimed $3,627.95 in equity in other assets as exempt under N.D.C.C. § 28-22-03.1(1).

Section 541(a)(1) of the Bankruptcy Code provides that, at the commencement of a case, the bankruptcy estate included "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). The Code allows debtors to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b)(1). "Exempt property is excluded from property of the estate available to satisfy debts." Benn v. Cole (In re Benn), 491 F.3d 811, 813 (8th Cir. 2007). Section 522(b)(2) authorizes states to opt out of the federal scheme of property exemptions enumerated in section 522(d). Exercising this grant of authority, North Dakota enacted its own set of property exemptions for purposes of bankruptcy, limiting its residents to claiming the state exemptions rather than the federal exemptions. See N.D.C.C. § 28-22-17. Exemption statutes are construed liberally in favor of the debtor. Wallerstedt v. Sosne (In re Wallerstedt), 930 F.2d 630, 631 (8th

Cir. 1991). The objecting party has the burden of showing that an exemption is not properly claimed. Fed. R. Bankr. P. 4003(c).

The Trustee objects to Debtors' claimed exemptions, arguing that exemptions under N.D.C.C. §§ 28-22-02(10) and 28-22-03.1(1) are mutually exclusive. Section 28-22-02(10) provides the following absolute exemption:

> In lieu of the homestead, and subject to the same value limitations that exist with respect to the homestead exemption, any housetrailer or mobile home occupied as a residence by the debtor or the debtor's family, except that it is not exempt from process, levy, or sale for taxes levied on it pursuant to chapter 57-55. This section does not preclude the debtor from claiming a mobile home as a dwelling house as part of the homestead.

N.D.C.C. § 28-22-02(10).[1] Debtors exempted $12,000.00 in equity in a mobile home under section 28-22-02(10).

Debtors also exempted equity in other assets under section 28-22-03.1(1), which provides:

> In addition to the exemptions from all attachment or process, levy and sale upon execution, and any other final process issued from any court, otherwise provided y law, a resident of the state may select:
>
> 1. In lieu of the homestead exemption, up to seven thousand five hundred dollars. This exemption is not available if the resident exemption claimant, the spouse of the resident exemption claimant, or other head of the family of the resident exemption claimant has chosen the homestead exemption provided for under subsection 7 of section 28-22-02.

N.D.C.C. § 28-22-03.1(1). Section 28-22-03.1(1) expressly provides that the $7,500 exemption is not available if the claimant has chosen the homestead exemption provided under section

---

[1]Section 28-22-02(10) was amended in 2009. Prior to amendment, it provided:

Any housetrailer or mobile home occupied as a residence by the debtor or the debtor's family, except that it is not exempt from process, levy, or sale for taxes levied on it pursuant to chapter 57-11.

28-22-02(7). Claiming a homestead exemption is the only circumstance specified by section 28-22-03.1(1) that prohibits a debtor from claiming the $7,500 exemption in this subsection. Significantly, the relevant statutes do not provide that a debtor who claims a mobile home exemption is precluded from claiming the $7,500 exemption in section 28-22-03.1(1). Debtors did not claim the homestead exemption provided under section 28-22-02(7); but rather, they claimed the mobile home exemption under section 28-22-02(10).

"Generally, the law is what the Legislature says, not what is unsaid." Little v. Tracy, 497 N.W.2d 700, 705 (N.D. 1993). "'It must be presumed that the Legislature intended all that it said, and that it said all that it intended to say. The Legislature must be presumed to have meant what it has plainly expressed.'" Id. (citation omitted). Likewise, the Legislature's inclusion of certain exceptions to a general rule is the implicit exclusion of other exceptions.[2] See Hartford Underwriters Ins. Co. v. Magna Bank, N.A. (In re Hen House Interstate, Inc.), 177 F.3d 719, 723 n.4 (8th Cir. 1999); see also Little, 497 N.W.2d at 705 ("'the mention of one thing implies the exclusion of another'") (citation omitted). Had the North Dakota Legislature intended a debtor claiming an exemption under 28-22-22(10) to be precluded from claiming an exemption under section 28-22-03.1(1), it would have said so, as it did with debtors claiming an exemption under section 28-22-02(7).[3]

---

[2]This principle of statutory construction is often referenced in caselaw as *expressio unius est exclusio alterius*.

[3]Given the plain language of the North Dakota exemption statutes, it is not necessary or appropriate to consider legislative history. See Little, 497 N.W.2d at 705; N.D.C.C. § 1-02-05 ("When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

The plain meaning of section 28-22-03.1(1) is that it is not mutually exclusive with section 28-22-02(10).  The Trustee failed to meet his burden of showing that Debtors' exemptions are not properly claimed.  His objection is OVERRULED.

Additionally, for the reasons stated on the record, the Trustee's request to consolidate his objection in this case with the objections on appeal in <u>In re Vranicar</u>, bankruptcy case number 11-30782, is DENIED.

**SO ORDERED.**

Dated this May 10, 2012.

   /s/    SHON HASTINGS
**SHON HASTINGS, JUDGE**
**UNITED STATES BANKRUPTCY COURT**